1 | MISTY A. MURRAY (SBN CA 196870)
2 | mmurray@hinshawlaw.com
  | GABRIELA TRAXLER-ROMIN (SBN CA 297244)
3 | gtraxler-romin@hinshawlaw.com
  | HINSHAW & CULBERTSON LLP
4 | 633 West 5th Street, 47th Floor
  | Los Angeles, CA 90071-2043
5 | Telephone: 213-680-2800
  | Facsimile: 213-614-7399

6 | Attorneys for Defendant Metropolitan Life Insurance Company
7 | (erroneously sued as MetLife, Inc.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLY QUACH, | Case No. 2:19-cv-9218 |
| Plaintiff, | |
| vs. | **DEFENDANT'S NOTICE OF REMOVAL** |
| METLIFE, INC., | [Filed concurrently with Declaration of Cindy Broadwater] |
| Defendant. | |
| | Complaint Filed: September 26, 2019 |

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

1025016\304565386.v1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendant Metropolitan Life Insurance Company, erroneously sued as MetLife, Inc. ("MetLife"), hereby removes to this Court the action commenced on September 26, 2019 in the Superior Court of the State of California, County of Ventura, Small Claims Division, entitled *Quach v. MetLife, Inc.*, Case No. 2019 SC001509. Removal of this action is proper under federal question jurisdiction for the following reasons:

## TIMELINESS OF REMOVAL

1. On September 30, 2019, MetLife was served by certified mail with a copy of the Claim and Order filed in Superior Court of the State of California, County of Ventura, Small Claims Division. True and correct copies of the proof of service and Claim and Order are attached hereto as Exhibit "A."

2. This removal is timely under 28 U.S.C. Section 1446(b) in that removal is sought within 30 days of service of process upon MetLife.

## FEDERAL QUESTION JURISDICTION

3. This case is removable based upon federal question jurisdiction for the reasons set forth below.

4. This case is a civil action for which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 because this case arises under the laws of the United States – namely, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* – and thus presents a federal question. In addition, this Court has original jurisdiction under the provisions of 29 U.S.C. § 1131(a)(1) and (3), as described more fully below. Therefore, this case may be removed to this Court by MetLife pursuant to the provisions of 28 U.S.C. § 1441(b), in that it arises under the Constitution, laws or treaties of the United States as set forth more fully below.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

1025016\304565386.v1

5. Under ERISA, an employee welfare benefit plan is "*[a]ny plan, fund, or program which . . . is established or maintained by an employer or employee organization . . .* to the extent that such plan, fund or program was established or is maintained for the purpose of providing for *its participants or their beneficiaries through the purchase of insurance . . .* or otherwise, (A) medical, surgical or hospital care or benefits in the event of sickness, accident, disability or death . . ." *See* 29 U.S.C. § 1002(2)(A).

6. In Section 3 of Plaintiff's "Claim and Order," Plaintiff alleges that MetLife owes him $9,000.00 because MetLife "stopped paying short term disability benefits/payments even though [he] was approved by psychiatrist and State of California disability." That allegation relates to Plaintiff's short-term disability benefits afforded by way of the Bank of America Short-Term Disability Plan (the "Plan"), an ERISA-governed employee welfare benefit plan established, sponsored and maintained by Bank of America Corporation ("Bank of America") for its eligible employees, including Plaintiff, and their dependents. See concurrently filed Declaration of Cindy Broadwater ("Broadwater Decl"), ¶¶ 2, and Exh. 1.

7. The Plan meets all of the statutory elements for an ERISA-governed employee welfare benefit plan:

- *Plan, fund or program*: The Plan and its constituent documents (*see* Broadwater Decl., Exh. 1).
- *Established or maintained*: The formation and continued existence of the Plan (see *id.*, Exh. 1 at pp. 3-4).
- *By an employer*: Bank of America (see *id.*, Exh. 1 at p. 3).
- *Providing various types of prescribed benefits*: Short-term disability insurance benefits (see *id.*, Exh. 1 at pp. 3-4, 12-150).
- *To participants or their beneficiaries*: The eligible employees of Bank of America, including Plaintiff, and their dependents (see *id.*, Exh. 1 at pp. 12-24).

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

1025016\304565386.v1

8. ERISA provides the exclusive framework for addressing alleged violations of its provisions, displacing all state law claims. 29 U.S.C. § 1144; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 60 (1987). Specifically, ERISA is intended to "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). Thus, because the Plan at issue in this case is an employee welfare benefit plan governed by ERISA, all state law claims are completely preempted by ERISA. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted."); *Cleghorn v. Blue Shield*, 408 F.3d 1222, 1227 (9th Cir. 2005) ("[Plaintiff's] state-law causes of action against Blue Shield, arising from Blue Shield's denial of benefits under an ERISA plan, conflict with the exclusive civil enforcement scheme established by Congress in section 502(a) of ERISA. The state law claims are preempted for that reason.").

9. Given the breadth of its preemption provision, Congress intended for ERISA to occupy the field with respect to employee benefit plans. Thus, in a well-recognized exception to the "well-pled complaint rule," a state court action seeking ERISA benefits may be removed to federal court even if the complaint pleads only state law causes of action and does not mention ERISA. *Davila*, 542 U.S. at 220; *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) ("a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims"), cert. denied, 525 U.S. 1001 (1998).

10. As applied to this case, Plaintiff's claim against MetLife undeniably "relates to" the Plan. In *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 87 (1983), the phrase "relate[s] to" was given its broad common-sense meaning, such that a state law relates to an employee welfare benefit plan "in the normal sense of the phrase, if

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

1025016\304565386.v1

it has a connection with or reference to such a plan." Here, Plaintiff's state law claim has a "connection with" the Plan because the Plan is the only means by which he can recover or establish an entitlement, if any, to the short-term disability benefits at issue. Stated directly, Plaintiff's claim rises – or falls – with the Plan itself. But for the ERISA-governed employee welfare benefit plan, no claim for short-term disability benefits exists.

11. Accordingly, this case is governed by ERISA, is an action arising under the laws of the United States, and is properly removed to this Court under 28 U.S.C. § 1331, 29 U.S.C. § 1132(a), and 28 U.S.C. § 1441(b).

**PROCESS**

12. The Claim and Order and all documents served with therewith (Exhibit "A") constitute the entire process and pleadings filed in the state court action.

13. Written notice of the filing of this Notice of Removal has been given to all adverse parties and a copy has been filed with the Superior Court of the State of California, County of Ventura, Small Claims Division, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, MetLife prays that the above action pending in the Superior Court of the State of California, County of Ventura, Small Claims Division, be removed from that court to this Court.

DATED: October 25, 2019                HINSHAW & CULBERTSON LLP

By: */s/ Misty A. Murray*
MISTY A. MURRAY
GABRIELA TRAXLER-ROMIN
Attorneys for Defendant Metropolitan
Life Insurance Company
(erroneously sued as MetLife, Inc.)